FILED _____ ENTERED
LODGED _____ RECEIVED

APR 10 2018

AT BALTIMORE
CLERK U.S. DISTRICT COURT
DISTRICT OF MARYLAND
BY _____ DEPUTY

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | | |
|---|---|---|
| UNITED STATES OF AMERICA<br>Respondent, | * | |
| v. | * | CIVIL ACTION NO. RDB-18-26<br>Related to CRIMINAL NO. RDB-15-0241 |
| JOHNATHAN BLACKMAN<br>Petitioner. | * | |

\*\*\*\*\*

## MEMORANDUM OPINION

On November 28, 2016, Jonathan Blackman was sentenced on one count of conspiracy to distribute and possess with intent to distribute heroin, cocaine, cocaine base, and marijuana and one count of possession with intent to distribute heroin, cocaine and marijuana, in violation of 21 U.S.C. §§ 841 & 846. Criminal judgment was entered on November 29, 2016. *See United States v. Blackman,* Criminal No. RDB-15-0241 (D. Md.) at ECF No. 35. No appeal was filed. Thus, the conviction became final on December 13, 2016. *See* Fed. R. App. P. 4(b)(1) (A) (time for filing a defendant's notice of appeal in the district court is within 14 days after the later of: the entry of the judgment or the order being appealed or the filing of the government's notice of appeal).

On January 2, 2018, Blackman filed a self-represented Motion to Vacate pursuant to 28 U.S.C. § 2255, dated December 27, 2017, raising a claim of ineffective assistance of counsel. *See United States v. Blackman,* Criminal No. RDB-15-0241 (D. Md.) at ECF No. 58.

On January 5, 2018, the Court issued a show cause order granting the parties an opportunity to brief the issue of timeliness. *Id.* at ECF No. 59. On July 17, 2017, the Government filed a Response, arguing that the Motion to Vacate was time-barred. *Id.* at ECF No. 60. Although afforded the option of filing a Reply, Blackmun has not done so.

Criminal judgment was entered on November 29, 2016. Under Fed. R. App. P. 4(b)(1)(A), Blackman had until December 13, 2016 to file an appeal. Given the lack of an appeal, the one-year statute of limitations set out under 28 U.S.C. § 2255(f)(1) began to run on that date. Therefore, Blackman had until December 13, 2017, to file a timely Motion to Vacate. He did not do so.

The one-year limitation period may be forgiven if a petitioner shows that "1) extraordinary circumstances, 2) beyond his control or external to his own conduct, 3) ... prevented him from filing on time." *United States v. Sosa,* 364 F.3d 507, 512 (4th Cir. 2004) (citing *Rouse v. Lee,* 339 F.3d 238, 246 (4th Cir. 2003) (*en banc*)). A petitioner must show some wrongful conduct by a respondent contributed to the delay in filing, or that circumstances beyond his control caused the delay. *See Rouse,* 339 F.3d at 246. "[A]ny resort to equity must be reserved for those rare instances where ... it would be unconscionable to enforce the limitation period against the party and gross injustice would result." *Harris v. Hutchinson,* 209 F.3d 325, 330 (4th Cir. 2006). Generally, the petitioner must show that he has been diligently pursuing his rights and some extraordinary circumstance prevented him from filing a timely petition. *See Pace v. DiGuglielmo,* 544 U.S. 408, 418 (2005); *Rouse,* 339 F.3d at 246.

Blackman offers no explanation as to why his Motion is timely or why statutory or equitable tolling should apply here. The Court therefore finds it to be time-barred and subject to dismissal.

In addition to the above analysis, a Certificate of Appealability must be considered. Unless a Certificate of Appealability ("COA") is issued, a petitioner may not appeal the district court's decision in a § 2255 proceeding. 28 U.S.C. § 2253(c)(1); Fed. R. App. P. 22(b). A COA may issue

only if the petitioner "has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). The petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," *Tennard v. Dretke*, 542 U.S. 274, 282 (2004) (citation and internal quotation marks omitted), or that "the issues presented are adequate to deserve encouragement to proceed further," *Miller-El v. Cockrell*, 537 U.S., 327 (2003); *see also see also Buck v. Davis*, ___ U.S. ___, 137 S. Ct. 759, 773-74 (2017). Blackman does not satisfy this standard, and the Court declines to issue a Certificate of Appealability. The Motion to Vacate shall be dismissed. A separate Order follows.

Date: April 9, 2018

_____
RICHARD D. BENNETT
UNITED STATES DISTRICT JUDGE